IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANNON I. RANDALL,<br><br>                Plaintiff,<br><br>v.<br><br>SHANNON BRADLEY,<br>DOUGLAS E. DYHRKOPP,<br>NATHAN ROWLAND, and<br>THOMAS FOSTER,<br><br>                Defendants. | Case No. 23-cv-02206-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Brannon Randall, an inmate within the Illinois Department of Corrections, filed this action pro se under 42 U.S.C. § 1983 for alleged constitutional deprivations while in custody at the Saline County Jail. This case is now before the Court for screening of the Complaint (Doc. 1) under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *Id.*

### COMPLAINT

Plaintiff alleges that while at Saline County Jail, around June 9, 2022, he had an appointment with the doctor at the jail due to complaints of headaches and pressure in his right eye. (Doc. 1, p. 7). The doctor looked through Plaintiff's medical history and saw that Plaintiff had previously had surgery on his right eye due to his glaucoma. The doctor scheduled Plaintiff to see a specialist to check eye pressure levels. On the day of the appointment, the medical officer, Gill, informed Plaintiff that Gallatin County was "liable" for Plaintiff and was refusing to cover the cost

for the appointment. Plaintiff did not have any insurance or money to pay, and the appointment was canceled. (*Id.*).

At some point, Plaintiff was transferred to Southwestern Illinois Correctional Center. (Doc. 1, p. 7). Plaintiff saw the doctor at Southwestern Illinois Correctional Center, and the pressure in his right eye had risen to 30. Plaintiff was prescribed timolol maleate eye drops for the pressure. He states that the pressure of his left eyes is between 9 and 12 and that the last time he had surgery on his right eye, the level was 24, which is deemed a "red zone." (*Id.*).

## DISCUSSION

The applicable legal standard for Plaintiff's claim depends on his status as a convicted person or a pretrial detainee in June of 2022. The Eighth Amendment guards against cruel and unusual punishment of convicted persons, while the Fourteenth Amendment Due Process Clause prohibits all forms of punishment of pretrial detainees. U.S. CONST. amends. VIII, XIV; *Miranda v. Cnty. of Lake,* 900 F. 3d 335, 350 (7th Cir. 2018).

Although Plaintiff does not inform the Court of his status at the time of the alleged events, Plaintiff has failed to state a claim against Defendants for the delay or denial of medical care under both the Fourteenth and Eighth Amendments. Plaintiff lists Gallatin County Sheriff Bradley, States Attorney Dyhrkopp, Public Defender Rowland, and Judge Foster as defendants but makes no allegations against any of them in the body of the Complaint. He seems to be attempting to hold these individuals liable due to a general awareness that he has glaucoma. This is not sufficient. Under Section 1983, each Defendant must be personally involved in the denial of medical care, and an individual cannot be held responsible just because they are in a supervisory position. *See Colbert v. City of Chi.,* 851 F. 3d 649, 657 (7th Cir. 2017). There must be a "causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.*

Plaintiff does not describe Defendants' role in or conduct pertaining to his medical care at

Saline County Jail. He also has not asserted any facts supporting the inference that Defendants had any knowledge that he was suffering from ongoing headaches and increasing pressure in his right eye and needed to see a specialist. Based on the allegations, the Court cannot plausibly infer that Defendants' actions were objectively unreasonable or deliberately indifferent towards Plaintiff's condition. For these reasons, the Complaint is dismissed without prejudice. Plaintiff will be given an opportunity to replead his claims in an amended complaint.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 3). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

In an effort to recruit counsel on his own, Plaintiff states he asked his family to try and find him an attorney, but he does not think they tried very hard. This is not sufficient for the Court to determine that he has made a reasonable effort to obtain counsel. Accordingly, the motion is **DENIED.** If Plaintiff chooses to renew his request at a later day, he should submit rejection letters from at least three attorneys.

### DISPOSITION

For the reasons set forth above, the Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim for relief.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **November 30, 2023.** Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed

with prejudice for failure to state a claim, failure to comply with a court order, and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 23-cv-02206-SPM). To enable him to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   November 2, 2023**

                                                           *s/Stephen P. McGlynn*
                                                      **STEPHEN P. MCGLYNN**
                                                      **United States District Judge**