IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANNON I. RANDALL,<br><br>        Plaintiff,<br><br>v.<br><br>SHANNON BRADLEY,<br><br>        Defendant. | Case No. 23-cv-02206-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Brannon Randall, an inmate within the Illinois Department of Corrections currently incarcerated at Southwestern Illinois Correctional Center, filed this action pro se under 42 U.S.C. § 1983 for alleged constitutional deprivations while a detainee at Saline County Jail. This case is now before the Court for screening of the First Amended Complaint (Doc. 10) under 28 U.S.C. § 1915A. Any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *Id.*

### THE FIRST AMENDED COMPLAINT

Plaintiff alleges that he was arrested in Gallatin County on May 17, 2022. (Doc. 10, p. 6). Following his arrest, Plaintiff was held at the Saline County Jail because Gallatin County does not have a jail. Plaintiff suffers from glaucoma in both eyes and has had surgery on his right eye. Prior to his surgery, Plaintiff lost his vision in his right eye due to "the built up liquid pressures." While at Saline County Jail, he felt his eye pressure increasing and filled out a request slip for medical treatment. Plaintiff was seen by the jail doctor, who scheduled Plaintiff to see a specialist for pressure testing. The doctor prescribed Plaintiff over the counter pain relievers for the pain.

Plaintiff was scheduled to see the specialist on June 9, 2022. Prior to the appointment, however, the medical service officer, Gill, told Plaintiff that she spoke with Shannon Bradley, the sheriff of Gallatin County, and Gallatin County was not going to pay for the appointment. The appointment was canceled. (*Id.*).

At some point, another medical service officer named Williams tried to set up another appointment for Plaintiff with the specialist. (Doc. 1, p. 6). But the appointment did not occur because on August 15, 2022, Plaintiff was sentenced and shortly thereafter entered the custody of the Illinois Department of Corrections. By the time Plaintiff arrived at Southwestern Correctional Center and saw the eye doctor, his eye pressure was 30. The doctor prescribed Timolol eye drops for the pressure. (*Id.*).

## DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following counts:

> **Count 1:** Fourteenth Amendment claim against Sheriff Bradley for denying Plaintiff medical care for his glaucoma.
>
> **Count 2:** Illinois state law custodian negligence claim against Sheriff Bradley for denying Plaintiff medical care for his glaucoma.
>
> **Count 3:** Illinois state law medical negligence claim against Sheriff Bradley for denying Plaintiff medical care for his glaucoma.
>
> **Count 4:** State law intentional infliction of emotional distress against Sheriff Bradley for denying Plaintiff medical care for his glaucoma.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed**

**without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Count 1

The Court finds that Plaintiff has stated a colorable claim against Sheriff Bradley for refusing to pay for the appointment with the eye specialist, effectively denying Plaintiff treatment that a doctor had prescribed. *See McCann v. Ogle Cnty., Ill.* 909 F. 3d 881, 886 (7th Cir. 2018) (discussing the objective reasonableness standard under the Fourteenth Amendment). Count 1 will proceed.

### Counts 2, 3, and 4

Plaintiff seeks to bring state law claims against Bradley for medical negligence, custodian negligence, and intentional infliction of emotional distress. When a district court has original jurisdiction over a civil action, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisc. v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). As Plaintiff's allegations of negligence and infliction of emotional distress all derive from the same facts as his Fourteenth Amendment claims, the Court will exercise supplemental jurisdiction over the state law claims. That being said, Plaintiff will only be able to proceed with Count 2.

The Court is not aware of a separate claim for "custodian negligence" under Illinois state law. Plaintiff will be able to proceed with Count 2 to the extent he is asserting a negligence claim and that Bradley owed him a duty of care as his custodian. *See Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (discussing negligence).

Count 3 is dismissed. Bradley is not a medical professional, and therefore, he cannot be

---

[1]*Bell Atlantic Corp. v Twombly,* 550 U.S. 544, 570 (2007).

sued for medical negligence. *See Johnson v. Ingalls Mem'l Hosp.,* 931 N.E. 2d 835, 847 (Ill. App. Ct. 2010) (discussing the elements of medical negligence).

Count 4 is also dismissed. Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that (1) the defendant "engaged in extreme and outrageous conduct;" 2) the defendant either intended to inflict severe emotional distress "or knew there was a high probability that [his] conduct would cause severe emotional distress;" and 3) the defendant's "conduct in fact caused severe emotional distress." *McGreal v. Vill. Orland Park*, 850 F.3d 308, 315 (7th Cir. 2017) (internal quotations omitted). Plaintiff's allegations doe not plead any of these elements. Bradley's conduct as alleged is not truly extreme and outrageous, and there is nothing from which the Court can infer that Bradley acted with intent or knowledge that his conduct would result in severe emotional distress.

## DISPOSITION

For the reasons stated above, the First Amended Complaint survives preliminary review pursuant to Section 1915A. **COUNTS 1** and **2** will proceed against Shannon Bradley. **COUNT 3** is **DISMISSED with prejudice** and **COUNT 4** is **DISMISSED without prejudice.**

Because Plaintiff's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for **Shannon Bradley** the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to defendants' place of employment. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service

on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant should respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   March 21, 2024

                                                            *s/Stephen P. McGlynn*
                                                            **STEPHEN P. MCGLYNN**
                                                            **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.